IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ECBLEND, LLC, an Oregon Domestic Limited Liability Company, | Civ. No. 1:17-cv-01273-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| THE MAD ALCHEMIST ELIXIRS & POTIONS, LLC, a Kentucky Limited Liability Company, | |
| Defendant. | |

_____

McSHANE, District Judge.

This matter comes before the Court on Plaintiff ECBlend, LLC's Motion for Default Judgment, ECF No. 13. For the reasons discussed below, the motion is GRANTED.

## BACKGROUND

The following facts are taken from the Complaint in this case, filed August 17, 2017, ECF No. 1:

Plaintiff ECBlend, LLC, ("ECBlend") is an Oregon limited liability company with its principal place of business in Medford, Oregon. ECBlend is engaged in the business of manufacturing and distributing chemical flavorings for use in electronic cigarette cartridges. ECBlend advertises and sells its e-liquid and e-cigarette products nationwide through its website

and wholesale distributors, as well as through retail locations in Arizona, Oregon, Washington, and Wisconsin.

ECBlend is the registrant and owner of the trademark "Dragon's Breath," U.S. Registry No. 4,368,604 (the "604 Registration,"). ECBlend has used that mark in commerce with respect to chemical flavorings in liquid form to refill electronic cigarette cartridges since July 2012. ECBlend's products have become associated with the mark and ECBlend has the exclusive right to use said mark in commerce.

Defendant The Mad Alchemist Elixirs & Potions, LLC, ("Mad Alchemist") is a Kentucky limited liability company with its principal place of business in London, Kentucky. Mad Alchemist is in the same line of business as ECBlend. Mad Alchemist advertises and sells its products through its website and through retail stores. Among its products, Mad Alchemist manufactures and sells an e-liquid product under the name "Dragon's Breath." Mad Alchemist's use of the term "Dragon's Breath" as a word mark is identical to the 604 Registration owned by ECBlend.

ECBlend has not consented to Mad Alchemist's use in commerce of the mark "Dragon's Breath" on its products. On June 30, 2017, ECBlend sent a cease and desist letter to Mad Alchemist requesting that Mad Alchemist refrain from using "Dragon's Breath" in association with the marketing and sale of its products and services. Mad Alchemist continued to use "Dragon's Breath" in connection with its products.

ECBlend commenced this action on August 17, 2017. ECF No. 1. Mad Alchemist was served, but did not appear or otherwise defend in this action. On November 15, 2017, ECBlend filed a Motion for Entry of Default, which was entered by the Clerk on November 16, 2017. ECF Nos. 9, 11, 12.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. "The general rule is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted); *See also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

Rule 55 "provides that after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, district courts in the Ninth Circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). The *Eitel* factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the district court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## DISCUSSION

The Complaint in this action sought a permanent injunction against Mad Alchemist's continuing use of the Dragon's Breath mark, damages for the infringement, and ECBlend's costs in bringing this action. In its Motion for Default Judgment, ECBlend seeks a permanent

injunction and its costs, but drops its request for damages. The Court will not, therefore, examine the issue of damages.

I. *Eitel* Factors

The Court's analysis begins with a review of the factors laid out in *Eitel*, 782 F.2d at 1471-72.

A. Possibility of Prejudice to Plaintiff

ECBlend will generally be prejudiced if a court declines to grant default judgment where, as here, it lacks other recourse to recover damages for its injury or means to prevent Mad Alchemist from causing it further harm. *See, e.g., Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp.2d 1197, 1200-01 (C.D. Cal. 2012). The Court concludes that this factor favors default judgment.

B. Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

ECBlend alleges a single claim of trademark infringement against Mad Alchemist pursuant to 15 U.S.C. § 1114. The core of ECBlend's claim is that Mad Alchemist has infringed on the 604 Registry trademark by developing and manufacturing e-liquid products using the trademarked "Dragon's Breath" name and by offering those products for sale, and by selling, transporting, and distributing the infringing products.

"[T]he critical determination is whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008). The Ninth Circuit has identified eight non-exhaustive factors for determining whether consumers would likely be confused by related goods: (1) the mark's strength; (2) the proximity of the goods; (3) the similarity between the plaintiff's and the defendant's marks; (4) evidence of actual confusion; (5)

the marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intention in selecting the mark; and (8) the likelihood of the expansion of the product lines. *Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, 638 F.3d 1137, 1144-45 (9th Cir. 2011) (citing *AMF, Inc. v. Steelcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)).

As previously noted, ECBlend is the owner of the 604 Registration and has used that mark in commerce with respect to the chemical flavorings in liquid form to refill electronic cigarette cartridges since July 2012. ECBlend's products have become associated with the mark and ECBlend has an exclusive right to use the mark in commerce. ECBlend sells its products nationwide via an online storefront, through wholesale distributors, and in retails stores in several states.

Mad Alchemist is in the same line of business as ECBlend and has used the same "Dragon's Breath" mark covered by the 604 Registration to sell its competing brand of flavored liquid electronic cigarette refill cartridges. Like ECBlend, Mad Alchemist sells its e-liquid products via an online storefront and in brick and mortar retail stores. ECBlend has not consented to Mad Alchemist's use of its mark and has sent Mad Alchemist a series of cease-and-desist letter prior to initiating this action. The record indicates that Mad Alchemist has continued to sell its "Dragon's Breath" cartridges, despite being advised of the existence of ECBlend's trademark.

ECBlend has alleged that Mad Alchemist's use of the "Dragon's Breath" mark has caused, or is likely to cause, consumer confusion or mistake in the marketplace regarding the nature, origin, and ownership of the products affiliated with the 604 Registration.

Upon review, the Complaint appears both sufficiently pled and meritorious and so the Court concludes that these factors favor default judgment.

### C. Sum of Money at Stake

The *Eitel* factors require courts to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *Eitel*, 782 F.2d at 1471-72. While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages. *Fair House. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

In this case, ECBlend is not seeking an award of money damages as part of its default judgment. Accordingly, the Court concludes that this factor weighs in favor of default judgment.

### D. Possibility of a Dispute as to Material Facts

The possibility of a dispute as to material facts is remote because Mad Alchemist has not defended itself herein and there is no indication that it intends to do so. The Court therefore concludes that this factor favors entry of default judgment.

### E. Excusable Neglect

There is no evidence that Mad Alchemist failed to defend against this lawsuit due to excusable neglect. Mad Alchemist was served on September 8, 2017, and has not appeared or otherwise defended in this action through the date of this Order. ECF No. 7. The Court finds that this factor weighs in favor of default judgment.

### F. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. "Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendant takes no part in the action." *Moroccanoil*, 847 F. Supp.2d

at 1203. Accordingly the Court concludes that that this factor does not weigh against default judgment.

After balancing the *Eitel* factors, the Court concludes that they weigh in favor of the entry of default judgment. Accordingly, ECBlend's Motion shall be GRANTED.

## II. Injunctive Relief

ECBlend seeks injunctive relief pursuant to 15 U.S.C. § 1116(a). The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under [the Lanham Act]." 15 U.S.C. § 1116(a); *see also Moroccanoil*, 847 F. Supp.2d at 1203-04.

In this case, ECBlend requests that Mad Alchemist be permanently enjoined from using the "Dragon's Breath" mark in its business activities. The Court has reviewed the terms of injunctive relief requested by ECBlend and finds that it is appropriate and necessary to prevent continuing harm to ECBlend.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for default judgment, ECF No. 13, is GRANTED as follows:

1. IT IS ORDERED that, pursuant to 15 U.S.C. §§ 1114 and 1116, Defendant The Mad Alchemist Elixirs & Potions, LLC, a Kentucky Limited Liability Company, is PERMANENTLY ENJOINED, directly or indirectly, by use of any means or instrumentalities from any use of the "Dragon's Breath" mark in its business activities.

2. IT IS FURTHER ORDERED that Defendant shall remove the "Dragon's Breath" mark from its website and all advertising materials.

3. For purposes of this Order, "advertising" means any written or verbal statement, illustration, or depiction that is designed to effect a sale or create interest in the purchasing of goods and services, whether it appears in a brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, packaging, package insert, label, film, slide, radio, television or cable television, audio program transmitted over a telephone system, program-length commercial ("infomercial"), Internet, or in any other medium.

4. IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1116, within thirty (30) days after service of this injunction, Defendant is required to file with the Court and serve on Plaintiff a report in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction.

5. IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover the costs of bringing this action, in an amount to be determined by subsequent motion.

6. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

It is so ORDERED and DATED this __1st__ day of December, 2017.

                                              s/Michael J. McShane
                                              MICHAEL McSHANE
                                              United States District Judge