IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ECBLEND, LLC, an Oregon Domestic Limited Liability Company, | Civ. No. 1:17-cv-01273-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| THE MAD ALCHEMIST ELIXIRS & POTIONS, LLC, a Kentucky Limited Liability Company, | |
| Defendant. | |

McSHANE, District Judge.

This matter comes before the Court on Plaintiff ECBlend, LLC ("ECBlend")'s Motion for Attorney Fees and Costs. ECF No. 26. For the reasons discussed below, the motion is GRANTED in part.

This trademark infringement case was initially filed in August 2017. ECF No. 1. Defendant The Mad Alchemist Elixirs & Potions LLC ("Mad Alchemist") did not appear or defend in this action and, on December 1, 2017, the Court entered a default judgment in favor of ECBlend. ECF Nos. 16, 17. The relief included an injunction forbidding further infringing use of the disputed trademark. In March 2018, ECBlend filed a motion for contempt in which it sought sanctions for Mad Alchemist's continued infringement of the disputed trademark. ECF

No. 20. Once again, Mad Alchemist did not appear or respond and, on May 24, 2018, the Court granted the motion for contempt. ECF No. 24. On June 6, 2018, ECBlend has submitted a motion in which it seeks an award of fees and costs for the time spent pursuing its motion for contempt. ECF No. 26, 27.

In contempt proceedings, the prevailing party may be entitled to its attorney fees and costs. *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc.*, 774 F.3d 935, 958-59 (9th Cir. 2014). In its prior Order, the Court determined that ECBlend is entitled to its fees and costs in bringing its motion for contempt. ECF No. 24.

The Ninth Circuit has adopted the "lodestar" method for calculating attorney fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). There is a strong presumption that the lodestar method produces a reasonable figure and should only be enhanced or reduced in exceptional circumstances. *Del. Valley Citizens*, 478 U.S. at 565; *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

In this case, ECBlend seeks $2,144.00 in attorney fees. This includes 9.10 hours at $180 per hour for attorney James R. Blake and 0.60 hours at $260 per hour for attorney Willard L. Ransom. Blake Decl. Ex. 1. Consistent with the Local Rules for the District of Oregon, LR 54-3, the Court looks to the most recent Oregon State Bar Economic Survey to determine reasonable rates. The most recent survey was issued in 2017 and shows an average hourly rate of $232 for attorneys in private practice in southern Oregon, with $260 representing the 75th percentile. On that basis, the Court concludes that the rates claimed by ECBlend for attorneys Blake and

Ransom are reasonable. With respect the hours claimed, the Court has reviewed the counsels' billing entries and likewise concludes that the hours claimed by attorneys Ransom and Blake were reasonably incurred.

With respect to the paralegal fees and hours claimed for work performed by Debra Daw, the Oregon State Bar Economic Survey does not include hourly rates for paralegals. Courts within this District have allowed for the award of paralegal fees under certain circumstances. *See, e.g., Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp.2d 1228, 1248-49 (D. Or. 2013). The claimed rate of $100 is comfortably within the range of paralegal rates awarded by Oregon federal courts. *Id.*; *see also Muller v. Country Mut. Ins. Co.*, No. 3:14-cv-01345-MO, 2017 WL 6209701, at *9 (D. Or. Dec. 8, 2017). Paralegal fees may not, however, be awarded for secretarial, clerical, or administrative tasks. *Key Bank, N.A. v. Van Noy*, 598 F. Supp.2d 1160, 1165-66 (D. Or. 2009). "Costs associated with clerical tasks are typically considered overhead expenses in an attorney's hourly billing rate, and are not properly reimbursable." *Lemus v. Timberland Apartments, LLC*, 876 F. Supp.2d 1169, 1179 (D. Or. 2012). This includes tasks such as calendaring, scheduling, and docketing. *Id.*

The Court has reviewed the billing entries for Ms. Daw and notes that many of the entries are for tasks that are clearly clerical or administrative in nature. For instance, on March 6, 2018, Ms. Daw billed 0.70 hours for finalizing and mailing letters to Mad Alchemist, as well calendaring deadlines and reminders. Blake Decl. Ex. 1, at 1. Such tasks are properly subsumed within the attorney's hourly rate. Accordingly, the paralegal hours claimed by Ms. Daw are reduced by 1.60 hours.

ECBlend also seeks an award of costs for serving Mad Alchemist, as well as for PACER fees. The Court has reviewed these costs and concludes that they were reasonably incurred in

filing and serving ECBlend's Motion for Contempt. The Court therefore awards fees in the full requested amount of $203.30.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney Fees and Costs is GRANTED in part. Plaintiff is awarded attorney and paralegal fees in the amount of $1,984.00 and costs in the amount of $203.30.

It is so ORDERED and DATED this __2nd__ day of October, 2018.

                                                 s/Michael J. McShane
                                                 MICHAEL McSHANE
                                                 United States District Judge